UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN MCCULLOM,
    Plaintiff,

v.

AHERN, et al.,
    Defendants.

Case No. 20-00220 BLF (PR)

**ORDER TO SHOW CAUSE WHY PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION SHOULD NOT BE DENIED PURSUANT TO § 1915(G)**

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against various officers and employees of the Santa Rita Jail, Alameda County Sheriff's Department, and San Mateo County. Dkt. No. 5 at 2-5. Plaintiff moves for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 4.

For the reasons discussed below, the Court has reason to believe that Plaintiff's motion for leave to proceed IFP should be denied under 28 U.S.C. § 1915(g) because he has three or more prior lawsuits that were dismissed for failure to state a cognizable claim or as frivolous or malicious. Plaintiff shall be granted an opportunity to show cause why he should be granted leave to proceed IFP.

///
///

DISCUSSION

I.     **28 U.S.C. § 1915(g)**

    A.     **Standard of Review**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), *Andrews I* gave this guidance:  The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing.  *Andrews I*, 398 F.3d at 1121.  A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted).  "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted).  "Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.* at 1121.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  A dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), may constitute a strike under § 1915(g) for failure to state a claim when

2

*Heck's* bar to relief is obvious from the face of the complaint, *and* the entirety of the complaint is dismissed for a qualifying reason under § 1915(g). *Washington v. Los Angeles Cnty. Sheriff's Dep't.*, 833 F.3d 1048, 1055 (9th Cir. 2016).

The Court finds that each of the following cases counts as a strike under § 1915(g): (1) *McCullom v. Alameda County Sheriff's Dept.*, No. 16-cv-3299 TEH (N.D. Cal. 2016) (dismissed as frivolous and malicious); (2) *McCullom v. Cambra*, No. 01-cv-01405-DMS (S.D. Cal. 2003)(dismissed for failure to state a claim); (3) *McCullom v. Parker*, No. 16-cv-1054 TEH (N.D. Cal. 2016) (dismissed as duplicative and therefore may be considered a dismissal as malicious); and (4) *McCullom v. Ahern*, No. 16-cv-00044 HRL (N.D. Cal. 2016) (dismissed entirely as barred by *Heck*). Based on these cases, Plaintiff has at least three cases that count as strikes under § 1915(g). Unless he was under imminent danger of serious physical injury at the time he filed this action, the IFP motion must be denied.

### B.     Plaintiff's Claims

Plaintiff labels his complaint as a "class action" and lists several other inmates as plaintiffs. Dkt. No. 5 at 1-3. To the extent that Plaintiff is seeking class certification, it is DENIED. *Pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class, *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962), so class certification may be denied on that basis, *see Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class). Accordingly, the other named plaintiffs are DISMISSED from this action without prejudice to file separate, individual lawsuits.

It appears from the complaint, that Plaintiff is challenging underlying criminal proceedings out of Alameda County, as he seeks the following relief: "that there be an evidentiary hearing of the evidence within my previous criminal court cases conviction on October 4, 2017, [where] I was falsely arrested [and] extorted to plea[d] guilty to 29800(A)(1). I want that conviction expunged off my record if judicial corruption is

3

proven." Dkt. No. 5 at 6. Plaintiff also seeks disciplinary action against the superior court judges involved in that conviction, *id.* at 7, that the attorneys involved be disbarred or suspended, *id.* at 8, and damages for pain and suffering and emotional distress, *id.* at 8-9. He also wants this Court to "remand back to the Oakland Superior Court my writ of habeas corpus petition vacating the March 18, 2019, illegal ruling that the exclusionary rule does not apply in my preliminary hearing and further granting… motion to suppress the evidence in superior court." *Id.* at 10. There are no allegations indicating that Plaintiff was in "imminent danger" at the time he filed this action on January 10, 2020. Dkt. No. 1. Accordingly, Plaintiff is not entitled to the exception under § 1915(g).

The Ninth Circuit in *Andrews I*, 398 F.3d at 1120, implicitly allowed the district court to raise the § 1915(g) problem *sua sponte* but required the district court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. The prisoner must be given notice of the potential disqualification under § 1915(g) and plaintiff bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.* Accordingly, Plaintiff shall be granted an opportunity to show cause why his IFP application should not be denied under § 1915(g) by showing why any of the prior dismissals discussed above should not count as a strike. *Id.*

## CONCLUSION

For the reasons stated above, the Court orders Plaintiff to file a response **no later than twenty-eight (28) days** from the filing of this order, showing cause why his IFP application should not be denied pursuant to § 1915(g).

If Plaintiff fails to file a response in the time provided, his IFP application shall be denied and the full filing fee will be immediately due. If the fee is not paid in due time, this case will be dismissed without prejudice for failure to pay the filing fee without further notice to Plaintiff.

4

**IT IS SO ORDERED.**

Dated:  __April 29, 2020_____

                                                                    BETH LABSON FREEMAN
                                                                    United States District Judge